IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE CO.<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION<br>NO. 18–1613 |
| ANITA DAS; SUNUNTA C. DAS; and,<br>INDRA J. DAS<br>Defendants. | : | |

FILED
DEC 07 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

**Jones, II. J.**                                                                                                   **December 6, 2018**

### I.  Introduction

Plaintiff Amica Mutual Insurance Company, an automobile insurance provider to Defendants Anita Das, Sununta C. Das, and Indra J. Das, commenced this action by filing a Complaint seeking Declaratory Judgment regarding Anita Das' status as a "resident relative" entitled to underinsured motorist (UIM) coverage and benefits. (First Am. Countercl. ¶¶ 1, 20.) Defendants filed a Counterclaim against Plaintiff for alleged bad faith in withholding UIM coverage and benefits. (First Am. Countercl. ¶¶ 46–51.) In response to Defendants' Counterclaim, Plaintiff filed the instant Motion to Dismiss. For the reasons set forth herein, Plaintiff's Motion shall be granted.

### II.  Background

On September 11, 2016, Anita Das was struck by a motor vehicle while riding her bicycle in Philadelphia, Pennsylvania. (First Am. Countercl. ¶ 11.) Anita Das suffered multiple serious and catastrophic injuries as a result of the accident. (First Am. Countercl. ¶ 13.) In February 2017, Anita Das settled her personal injury claim against the motor vehicle operator.

1

(First Am. Countercl. ¶ 17.) However the settlement was insufficient to cover the losses she sustained in the accident. (First Am. Countercl. ¶¶ 17–18.)

At the time of the accident, Anita Das had recently enrolled as a student at the University of Pennsylvania. (First Am. Countercl. ¶ 11.) Anita Das rented a temporary apartment in Philadelphia, but her permanent address was with her parents, Defendants Indra and Sununta Das, where she resided at their family homes in New York, Pennsylvania, and Indiana. (First Am. Countercl. ¶ 12.) At the time of the accident, Defendants Indra and Sununta were named insureds of an automobile insurance policy through Plaintiff that included underinsured motorist coverage and benefits for "resident relatives." (First Am. Countercl. ¶ 15.)

Defendants allege that Anita Das is entitled to UIM benefits as an insured "resident relative" under the insurance policy, and that Plaintiff withheld these benefits from Anita Das in bad faith. (First Am. Countercl. ¶¶ 19–25, 49–50.) Defendants specifically plead the following as evidence of bad faith actions taken by Plaintiff:

> a) [U]nreasonably interpreting and administering the policy provisions;
> b) [U]nreasonably denying Anita Das' UIM claims;
> c) [F]ailing to reasonably investigate Anita Das' claim for UIM benefits under the policy;
> d) [F]ailing to deal fairly and in good faith with Anita Das in support of their own self-interest;
> e) [C]hronic and ongoing delay in payment of UIM benefits to Anita Das; and
> f) [I]mproperly filing the present declaratory judgment action and engaging in related delay and obstructive tactics intended to frustrate Anita Das' ability to demand full payment of the benefits she is owed, in an attempt to force her to accept an inadequate settlement.

(First Am. Countercl. ¶ 50.)

2

As such, Defendants' First Amended Counterclaim pleads three causes of action: (1) entitlement to underinsured motorist benefits; (2) breach of contract; and, (3) bad faith. Additionally, Defendants seek recovery of punitive damages pursuant to 42 PA. C.S. § 8371. (First Am. Countercl. ¶ 51.)

Plaintiff timely filed a Motion to Dismiss the bad faith and punitive damages claims for failure to allege sufficient factual allegations and failure to state a claim upon which relief can be granted, respectively. This Court shall address each argument in turn.

## III. Standard of Review

### a. Motion To Dismiss

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

3

### b. Amendment

Amendments to a Complaint may be made as a matter of course, but only if the amendment occurs within: "21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

Inasmuch as the conditions for amendment as a matter of course are absent here, amendment is only permitted by leave of court or with the written consent of the opposing party. FED. R. CIV. P. 15(a)(2). Leave must be freely granted "when justice so requires." *Id.* However, leave may be denied where undue delay, bad faith, dilatory motive, prejudice, or futility are present. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In examining futility, the legal standards of Rule 12(b)(6) must be applied. *Id.*

## IV. Discussion

### a. Bad Faith

Defendants allege Plaintiff acted in bad faith by withholding the UIM coverage and benefits owed to them under the applicable insurance policy. However, Defendants fail to provide factual support for their allegations.

Pennsylvania statutory law entitles insured persons to recover punitive damages, interest, attorney's fees, and court costs when an insurer acts in bad faith in investigating a claim. 42 PA. CONS. STAT. § 8371 (1990). However, when pleading a bad faith claim, "[allegations that Insurer] failed 'to properly investigate and evaluate plaintiff's [insurance] claim' and that 'defendant knew or recklessly disregarded the fact that it had no reasonable basis for its above

4

conduct' are conclusory statements and recitations of the elements of the claim that need not be accepted as true." *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-7367, 2015 U.S. Dist. LEXIS 30339, at *3 (E.D. Pa. Mar. 12, 2015); *see also Riedi v. GEICO Cas. Co.,* 2017 U.S. Dist. LEXIS 54952, at *5-6, A bad faith claim is [*6] "fact specific" and depends upon the insured's conduct in connection with handling and evaluating a specific claim.

Instead, the party bringing the bad faith claim "'must describe who, what, where, when, and how the alleged bad faith conduct occurred.'" *Mittman v. Nationwide Affinity Ins. Co.*, No. 16-04658, 2017 U.S. Dist. LEXIS 54220, at *9 (E.D. Pa. Apr. 10, 2017) (quoting *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 U.S. Dist. LEXIS 86258, at *12 (E.D. Pa. June 24, 2014)). In the absence of evidence of a dishonest purpose, it is not bad faith for an insurer to investigate and protect its interests during litigation. *Jung v. Nationwide Mut. Fire Ins. Co.*, 949 F. Supp. 353, 360 (E.D.Pa.1997) (finding that insurer "had a reasonable basis to investigate and deny the claim.").

In this case, Defendants' First Amended Counterclaim fails to set forth any specific facts in support of their general allegations of bad faith. Defendants properly plead facts regarding the occurrence of the car accident, the resulting injuries to Anita Das, and the existence of the UIM benefits provision under the insurance policy. (First Am. Countercl. ¶¶ 13, 15, 31.) However, Defendants' conclusion that Plaintiff acted in bad faith is unsupported by any facts that explain *how* the alleged bad faith conduct occurred. Indeed, there are no specific facts showing how Plaintiff lacked a reasonable basis in its interpretation, administration, investigation, or delay of UIM benefits to Anita Das. *Riedi v. GEICO Cas. Co.*, No. 16-6139, 2017 U.S. Dist. LEXIS 54952, at *6 (E.D. Pa. Apr. 10, 2017) (granting motion to dismiss where movant failed to show "how [an insurance company] lacked a reasonable basis for its decision" and "no facts"

5

describing the actions taken or "what was unfair" about the insurer's decision to withhold UIM benefits). Defendants herein alleged that Plaintiff unreasonably investigated their claim. However, Defendants failed to provide any indication as to "the procedures Plaintiff followed or how they were deficient." *Mittman*, 2017 U.S. Dist. LEXIS 54220, at *9.

An insurer's delay in settling a claim is a "relevant factor in determining whether bad faith has occurred." *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 588–89 (E.D. Pa. 1999). Defendants herein failed to set forth "the dates of any actions" taken regarding the claim to support their allegation of unreasonable delay. *Mittman*, 2017 U.S. Dist. LEXIS 54220, at *9. Further, while Defendants allege that Plaintiff engaged in "obstructive tactics" to force Anita Das into accepting an "inadequate settlement," they do not specify what those tactics were. *Yohn v. Nationwide Ins. Co.*, No. 1:13-CV-00024, 2013 U.S. Dist. LEXIS 80703, at *14 (M.D. Pa. May 10, 2010) (granting motion to dismiss bad faith cause of action where Plaintiff alleged that an Insurance Company used abusive tactics to settle a claim without specifying what the tactics were). Defendants' "[t]hreadbare recitals of the elements" of bad faith, supported by mere conclusory statements, do not suffice. *Fowler*, 578 F.3d at 210. Accordingly, Defendants' First Amended Counterclaim fails to state a plausible bad faith claim.

### b. Punitive Damages

Because Defendants failed to properly plead a cause of action for bad faith, the claim for punitive damages necessarily fails to state a claim upon which relief can be granted. *See Rancosky*, 170 A.3d at 377.

6

## V. Conclusion

For the reasons set forth above, Plaintiff's Motion to Dismiss Defendants bad faith cause of action should be granted. Although Defendants have not requested permission to file an amended pleading, it is within this Court's discretion to allow them to do so. Because the court cannot say with certainty that any amendment would be futile, leave shall be granted.

An appropriate Order follows.

BY THE COURT:

_____
C. Darnell Jones, II