# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE CO. | : | |
|     Plaintiff, | | |
| v. | : | CIVIL ACTION |
| | | NO. 18-1613 |
| ANITA DAS; SUNUNTA C. DAS; and, | | |
| INDRA J. DAS | : | |
|     Defendants. | | |

## MEMORANDUM

Jones, II. J.                                                                                               May 8, 2019

### I. Introduction

Plaintiff Amica Mutual Insurance Company, an automobile insurance provider to Defendants Anita Das, Sununta C. Das, and Indra J. Das, commenced this action by filing a Complaint seeking Declaratory Judgment regarding Anita Das' status as a "resident relative" entitled to underinsured motorist (UIM) coverage and benefits. (Second Am. Countercl. ¶¶ 1, 20, ECF No. 13.)

Defendants filed their First Counterclaim against Plaintiff for alleged bad faith in withholding UIM coverage and benefits. (First Am. Countercl. ¶¶ 46–51, ECF No. 6.) This Court granted Plaintiff's Motion to Dismiss the bad faith and punitive damages claims for failure to support those claims with specific facts, and further permitted Defendants' leave to amend. (Mem. Op. 4–6, ECF No. 10.) Defendants' then filed a Second Amended Counterclaim, to which Plaintiff's filed the instant Motion to Dismiss. (Second Am. Countercl. ¶¶ 46–54, ECF No. 13; Mot. to Dismiss, ECF No. 14.) For the reasons set forth herein, Plaintiff's Motion shall be granted and Defendants' bad faith and punitive damages claims shall be dismissed with prejudice.

1

## II. Background

In September 2016, Anita Das was struck by a motor vehicle while riding her bicycle in Philadelphia, Pennsylvania. (Second Am. Countercl. ¶ 11, ECF No. 13.) As a result of the accident, she suffered severe injuries that a private settlement with the underinsured driver was insufficient to cover. (Second Am. Countercl. ¶¶ 17–18.) As such, Defendants' alleged that Anita Das was further entitled to underinsured motorist coverage and benefits from Plaintiff as an insured "resident relative" under the insurance policy, and that Plaintiff withheld these benefits in bad faith. (Second Am. Countercl. ¶¶ 19–25, 49–50, ECF No. 13.) Plaintiff, in turn, filed a Motion to Dismiss the Second Amended Counterclaim's bad faith and punitive damages actions for failure to state a claim upon which relief can be granted. (Mot. Dismiss, ECF No. 14.)

## III. Standard of Review

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Phillips v. County of Allegheny,* 515 F.3d 224,233 (3d Cir. 2008) (internal quotation marks and citation omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler,* 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

**IV.     Discussion**

This Court granted Plaintiff's Motion to Dismiss because Defendants' First Amended Counterclaim failed to set forth any specific facts in support of their general allegations of bad faith. (Mem. Op. 4–6, ECF No. 10.) Defendants' were further granted leave to file a Second Amended Counterclaim because, at that time, the Court could not conclude with certainty that amendment would be futile. (Mem. Op. 4–6, ECF No. 10.) Upon review of Defendants' Second Amended Counterclaim, it is now clear that any further attempt at amendment would be futile because Defendants cannot plead their bad faith claim with adequate factual support and specificity.

"A bad faith claim is 'fact specific' and depends upon the insured's conduct in connection with handling and evaluating a specific claim." *Riedi v. GEICO Cas. Co.*, No. 16-6139, 2017 U.S. Dist. LEXIS 54952, at *5-6 (E.D. Pa. Apr. 10, 2017). As the party bringing the bad faith claim under 42 PA. C.S. § 8371, it is Defendants' burden to "'describe who, what, where, when, and how the alleged bad faith conduct occurred.'" *Mittman v. Nationwide Affinity Ins. Co.*, No.16-04658, 2017 U.S. Dist. LEXIS 54220, at *9 (E.D. Pa. Apr. 10, 2017) (quoting *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 U.S. Dist. LEXIS 86258, at *12 (E.D. Pa. June 24, 2014)).

In *Smith v. State Farm*, for example, the court dismissed a bad faith claim for failure to state a claim because the complaint consisted only of conclusory statements unsupported by facts. *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012); *see also Mittman*, 2017 U.S. Dist. LEXIS 54220, at *9 (dismissing an allegation of bad faith because the

3

complaint lacked "specific facts" to support it). The court held that an allegation that the insurance company "'engag[ed] in unfair settlement negotiations'" was insufficient without "'details describing what was unfair about the negotiations.'" *Id.* The assertion that the insurance company "'intentionally misrepresents[ed] coverage in the policy'" also failed because the policyholder could not further explain "'what those misrepresentations may have been.'" *Id.* Without specific facts, the court concluded that the insurance company's "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *See id.* at 137.

Upon leave to amend, Defendants herein were ordered to plead their bad faith claim with specificity. In an apparent effort to do so, Defendants included just two additional numbered paragraphs to the Second Amended Counterclaim:

> 52. Specifically, Insurance Company has taken Anita Das' testimony and has been provided all of her documentation, which clearly demonstrates that she was covered under the applicable insurance policy and that her damages are far in excess of the UIM coverage amount.
>
> 53. However, despite objective and subjective knowledge that Anita Das was covered under the applicable insurance policy and that her damages are far in excess of the UIM coverage amount, Insurance Company refused to honor their obligations under the insurance agreement for the bad faith purpose of seeking to evade their obligations to the Das family under the insurance contract.

(Second Am. Countercl. ¶¶ 52–53, ECF No. 13.)

As in *Smith*, these are precisely the sort of conclusory statements that cannot support a bad faith claim. Indeed, Defendants still have not set forth with specificity "the dates of any actions" taken regarding the policy to support their allegation of unreasonable delay, nor have

4

Defendants explained, in detail, "what was unfair" about Plaintiff's interpretation of the policy provisions. *Smith*, 506 F. App'x at 136; *Mittman*, 2017 U.S. Dist. LEXIS 54220, at *9.

Absent specific details that establish a dishonest purpose, it is not bad faith for an insurer to investigate and protect its interests during litigation. *Jung v. Nationwide Mut. Fire Ins. Co.*, 949 F. Supp. 353, 360 (E.D. Pa.1997) (finding that insurer "had a reasonable basis to investigate and deny the claim."). Moreover, the failure of an insurance company "to immediately accede to a demand for the policy limit" is not, without specific facts, enough to establish bad faith. *Smith*, 506 F. App'x at 137. Defendants' inclusion of two conclusory paragraphs to the Second Amended Counterclaim does not alter that conclusion.

Because Defendants failed to properly plead a cause of action for bad faith, the claim for punitive damages necessarily fails to state a claim upon which relief can be granted. *See Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017).

## V. Conclusion

For the reasons set forth above, Plaintiff's Motion to Dismiss Defendants' third cause of action for bad faith and punitive damages is granted and said claim is dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II    J.